1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  DISTRICT COUNCIL 16 NORTHERN)
    CALIFORNIA HEALTH AND        )
12  WELFARE TRUST FUND, AND ITS )    No. C10-5961 CW (BZ)
    JOINT BOARD OF TRUSTEES,    )
13  et al.,                     )
                                )
14          Plaintiff(s),       )    **REPORT AND RECOMMENDATION
                                )    ON PLAINTIFFS' MOTION FOR
15       v.                     )    DEFAULT JUDGMENT**
                                )
16  WALLACE FLOORING, INC.,     )
                                )
17          Defendant(s).       )
    _____)
18

19       The Honorable Claudia Wilken has referred to me for a

20  Report and Recommendation plaintiffs' motion for entry of

21  default judgment against defendant.  Defendant has never

22  appeared in this action and did not respond to plaintiffs'

23  motion.

24       On December 29, 2010, plaintiffs filed a complaint under

25  Section 301 of the Labor Management Relations Act of 1947

26  ("LMRA"), 29 U.S.C. § 185(a), and Section 502 of the Employee

27  Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

28  1132.  The complaint alleged that defendant violated a

                                1

collective bargaining agreement and certain trust agreements with the District Council 16 Northern California Health and Welfare Trust Fund, Northern California Resilient Floor Covering Pension Fund, Central Coast Counties Floor Covering Industry Pension Fund, District Council 16 Northern California Apprentice and Journeyman Training, and the Joint Board of Trustees, the trustee of the funds (collectively, "Trust Funds"). Complaint at ¶ 1. Specifically, the complaint alleged that defendant was bound by the collective bargaining agreement and the trust agreements to make contributions to the Trust Funds on behalf of defendant's employees. Id. at ¶¶ 13-17. Defendant has violated these agreements because it is delinquent in its obligations to the Trust Funds, and plaintiffs seek damages for unpaid contributions, liquidated damages, interest, reasonable attorneys' fees, costs, and other relief "as the Court may deem just and proper." Id. at Prayer.

Plaintiffs effected service of process on December 31, 2010. Defendant failed to answer the complaint or otherwise defend the action. On February 1, 2011, upon plaintiffs' request, the Clerk of this Court entered defendant's default under Rule 55(a). By its default, defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(d); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in

1   military service.  See Fed. R. Civ. P. 55(b)(2); 50 App.

2   U.S.C. § 521.  As a corporation, defendant is not afforded

3   such protection.

4        Pursuant to Rule 55(b)(2), a court may enter a default

5   judgment against a party against whom default has been

6   entered.  The decision to grant or deny a default judgment

7   under Rule 55(b) is within the discretion of a Court.  Eitel

8   v. McCool,782 F.2d 1470, 1471-72 (9th Cir. 1986).  A formal

9   hearing is not required for a court to render a default

10  judgment.  Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir.

11  1981).

12       Section 1132(g) of ERISA provides that in an action to

13  enforce payment of delinquent contributions:

14       the court shall award the plan -
              (A) the unpaid contributions,
15            (B) interest on the unpaid contributions,
              (C) an amount equal to the greater of -
16                (I) interest on the unpaid contributions,  or
                  (II)liquidated damages provided for under the
17                plan in an amount not in excess of 20 percent.
                  . . of the amount determined by the court under
18                subparagraph (A),
              (D) reasonable attorney's fees and costs.
19

20  29 U.S.C. § 1132(g)(2).  A plaintiff is entitled to a

21  mandatory award under Section 1132(g)(2) if the following

22  requirements are satisfied: (1) the employer is delinquent at

23  the time the action is filed; (2) the district court enters a

24  judgment against the employer; and (3) the plan provides for

25  such an award.  Plumbers & Pipefitters Nat'l Pension Fund v.

26  Eldridge, 232 Fed. Appx. 680, 683 (9th Cir. 2007).  Here,

27  plaintiffs have established that defendant was delinquent and

28  that the plan provides for an award under Section 1132(g).  I

1  recommend that judgment be entered in plaintiffs' favor;

2  accordingly, plaintiffs have satisfied the three requirements.

3      Plaintiffs have the burden of proving damages.  Bd. of

4  Tr. of the Boilermaker Vacation Trust v. Skelly Inc., 389

5  F.Supp.2d 1222, 1226 (N.D. Cal, 2005).  To prove damages,

6  plaintiffs have submitted a declaration from Carolyn Young-

7  Tem, an employee of the third party administrator that helps

8  manage the Trust Funds.  Young-Tem Declaration at ¶ 1.  This

9  declaration establishes that defendant failed to make

10  contributions to the Trust Funds in the amount of $89,097.83.

11  Id. at Ex. A.  In a supplemental declaration after the

12  hearing, plaintiffs ask that this amount be reduced by

13  $22,354.77 since a contribution was recently made in this

14  amount.  Williams Supplemental Declaration at ¶ 7.  The amount

15  of contributions left unpaid is now $66,743.18.  I am

16  satisfied that this is the correct amount and recommend that

17  plaintiffs recover $66,743.18 in damages for unpaid

18  contributions.

19      Plaintiffs also seek $24,547.20 in liquidated damages for

20  unpaid contributions and contributions that were paid late.

21  ERISA provides that the highest permissible rate of liquidated

22  damages is twenty percent.  See 29 U.S.C. § 1132(g)(2).

23  Section III of the Trust Agreement provides for liquidated

24  damages on delinquent contributions at the rate of 20 percent.

25  Williams Declaration, Ex. C at 3.  For delinquent

26  contributions that were paid before the filing of a lawsuit

27  (i.e., late contributions rather than unpaid contributions),

28  the liquidated damages rate is reduced to 10 percent with a

1    cap of $750.00.  Id.

2        I find that the liquidated damages requested by

3    plaintiffs are appropriate for each month besides June 2010.

4    For June, plaintiffs ask for liquidated damages of 20 percent

5    based on the delinquent contributions for that month:

6    $15,101.96.  Plaintiffs, however, fail to take into account

7    that defendant paid $11,138.04 on October 4, 2010 and

8    therefore the outstanding balance for June's unpaid

9    contributions is only $3,963.92.  Pursuant to the Trust

10   Agreement, plaintiffs' liquidated damages for this month are

11   limited to $750.00 for the late contribution and 20 percent of

12   the unpaid contributions ($3,963.92), which amounts to

13   $792.78, for a total of $1542.78.[1]  Using this figure as the

14   amount of liquidated damages for June 2010, the plaintiffs'

15   liquidated damages request is reduced to $23,069.59, which I

16   recommend should be awarded.

17       Plaintiffs also seek interest of 5 percent on delinquent

18   and late contributions.  Under ERISA, the Trust may recover

19   interest based on the rate set by the Trust Agreement.  See 29

20   U.S.C. 1132(g)(2).  The Trust Agreement states that interest

21   shall be recovered at the rate provided by the Underpayment

22   Rate of the Internal Revenue Code Section 6621 which sets the

23   rate at 5 percent for corporations.  See Williams Supplemental

24   Declaration at ¶¶ 3-6.  Based on this rate, which was adopted

25   _____

26       [1]   While plaintiffs claim the Trust Agreement permits
     them to recover the greater amount because the delinquent
27   contributions were not paid during June, the Agreement is at
     best ambiguous on this issue and I do not recommend construing
28   it in plaintiffs' favor.

1   by plaintiffs' Board of Trustees, plaintiffs seek $3,345.84 in

2   interest on delinquent contributions.  I recommend that

3   plaintiffs recover this amount.

4       Plaintiffs also seek $14,925.00 in attorneys' fees and

5   $655.00 in costs.  Reasonable attorneys' fees and costs of the

6   action may be awarded to a Trust Fund that receives a judgment

7   in its favor.[2]  <u>See</u> 29 U.S.C. § 1132(g)(2)(D).  Counsel for

8   plaintiffs ask to be reimbursed for 63.5 hours of attorney

9   time and 23.1 hours of legal assistant time.  Plaintiffs also

10  incurred $655.00 in costs consisting of filing fees and costs

11  associated with service of process.  Williams Declaration at ¶

12  33.  Having reviewed the declarations submitted in support of

13  plaintiffs' application, I find that these amounts are

14  reasonable and recommend that plaintiffs recover $14,925.00 in

15  attorneys' fees and $655.00 in costs.

16      Lastly, plaintiffs request that defendant be ordered to

17  subject itself to an audit of its payroll records.  Section

18  III(D) of the Trust Agreement permits plaintiffs to conduct

19  such audits; accordingly, I recommend granting plaintiffs'

20  request.

21  _____

22  [2]    To determine the reasonable amount of attorneys'
    fees, courts should "calculate the 'lodestar figure' by taking
23  the number of hours reasonably expended on the litigation and
    multiplying it by a reasonable hourly rate."  <u>Fischer v. SJB-</u>
24  <u>P.D. Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000)(citing <u>Hensley</u>
    <u>v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).  Courts must review
25  detailed time records to determine whether the hours expended
    on a matter were reasonable or excessive, and they must also
26  determine the reasonable hourly rate by looking to "the rate
    prevailing in the community for similar work performed by
27  attorneys of comparable skill, experience, and reputation."
    <u>Chalmers v. City of L.A.</u>, 796 F.2d 1205, 1210-11 (9th Cir.
28  1986), <u>reh'g denied</u>, <u>amended on other grounds</u>, 808 F.2d 1373
    (9th Cir. 1987).

1      For the foregoing reasons, I recommend that Judgment be

2  entered in plaintiffs' favor against defendant for

3  $108,738.61.  This amount includes $66,743.18 in unpaid

4  contributions, $23,069.59 in liquidated damages, $3,345.84 in

5  interest on unpaid contributions, $14,925.00 in attorneys'

6  fees, and $655.00 in costs.

7  Dated: May 31, 2011

8  _____

9                     Bernard Zimmerman
                 United States Magistrate Judge

10

11  G:\BZALL\-REFS\DISTRICT COUNCIL V. WALLACE FLOORING (R&R)\DEFAULT JUDGMENT
    R&R.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28